UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **PATRICIA ARCHIBALD** | **CIVIL ACTION NO:** |
| vs. | 3:23-cv-332 |
| **METROPOLITAN LIFE INSURANCE COMPANY** | **MARCH 13, 2023** |

## COMPLAINT

COMES NOW, Plaintiff, Patricia Archibald, and makes the following representation to the Court for the purpose of obtaining relief from Defendant's refusal to pay Long-Term Disability benefits due under an employee benefits plan and for Defendant's violation of the Employee Retirement Security Act of 1974 ("ERISA"):

## THE PARTIES

1. Plaintiff Patricia Archibald, ("Plaintiff") is a resident of the State of Connecticut.

2. Upon information and belief, at all times hereinafter mentioned, Defendant Metropolitan Life Insurance Company (MetLife) is a for-profit corporation with its principal place of business in New York, New York.

3. Plaintiff resides in the District of Connecticut and Defendants may be found in the District of Connecticut.

## JURISDICTION AND VENUE

4. Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

5. Venue in the District of Connecticut is appropriate because the plaintiff is a resident of Connecticut and the defendants may be found in this district.

6. Pursuant to 28 U.S.C. §1391(a)(1) and §1391( c ), this action is properly venued in the District of Connecticut.

## FACTS

7. At all relevant times hereinafter mentioned, Plaintiff was an employee of The Travelers Companies, Inc. ("Travelers").

8. At all relevant times hereinafter mentioned, Plaintiff worked as a Receivables Account Manager for Travelers.

9. During Plaintiff's employment with Travelers, Defendant issued a long-term disability group policy issued for the benefit of Travelers' employees. (Hereinafter "the Policy").

10. At all times hereinafter mentioned, the Policy was issued for the benefit of certain eligible Travelers employees in exchange for the payment of premiums by Travelers and/or the employees.

11. The Policy provides, among other things, that long-term disability payments will be made to Plaintiff in the event that she becomes disabled due to injury or illness.

12. According to the Policy an employee is considered Disabled if due to Sickness or accidental injury, and during the first 24 months after the Elimination Period, he or she is unable to perform each of the material duties of his or her Own Occupation. After 24

months, an employee is considered Disabled if he or she is unable to engage in any occupation.

13. On or about November 8, 2021, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of the Policy.

14. Plaintiff's disability is caused by, among other things, cervical and lumbar degenerative disc disease.

15. Plaintiff filed an application for long-term disability benefits with Defendant pursuant to the Policy.

16. On March 3, 2022, Defendant denied Plaintiff's application for long-term disability benefits.

17. On May 16, 2022, Plaintiff filed an administrative appeal of the denial of her application for long-term disability benefits.

18. On November 3, 2022, Defendant issued a final decision denying Plaintiff's administrative appeal.

19. Despite Plaintiff's continued disability, Defendant has denied owed long-term disability benefits to Plaintiff and continues to refuse to pay these benefits pursuant to the Policy.

20. Said refusal on the part of Defendant is a willful and wrongful breach of the Policy terms and conditions.

21. Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

22. Defendant's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the refusal to consider Plaintiff's credible subjective complaints on her ability to work, and the reliance upon a selective review of vocational and medical records to reach a result oriented claim determination.

23. Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and prevented Plaintiff from receiving a full and fair review of her claim.

24. Plaintiff has exhausted all administrative appeals and remedies to the extent they are required under the law.

WHEREFORE, Plaintiff Patricia Archibald prays that she may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject long-term disability policy in that she is unable to perform her own occupation or any occupation.

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the long-term disability policy and shall pay all benefits owed, plus interest;

c) Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

d) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup her attorney's fees, as well as all other costs and disbursements of this action;

e)  Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

f)  Such other and further relief as the Court may deem just and proper.

                PLAINTIFF

                By   /S/ Iván A. Ramos
                      Iván A. Ramos (ct#14122)
                      RamosLaw, LLC
                      255 Main Street, Suite 401
                      Hartford, Connecticut 06106
                      Tel. (860) 519-5242
                      Fax. (860) 838-6403
                      ivan@ramosdisability.com